*Bergeron v. Rochester Institute of Technology*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of December, two thousand twenty-four.

Present:
> AMALYA L. KEARSE,
> MICHAEL H. PARK,
> MYRNA PÉREZ,
> *Circuit Judges.*

---

NICHOLAS BERGERON, NICK QUATTROCIOCCHI,

*Plaintiffs-Appellants*,

v.                                                            23-271

ROCHESTER INSTITUTE OF TECHNOLOGY,

*Defendant-Appellee.*[*]

---

FOR PLAINTIFFS-APPELLANTS:            PHILLIP FURIA (Jeremy Francis *on the brief*), The Sultzer Law Group, P.C., Poughkeepsie, NY; *with* Blake G. Abbott & Paul J. Doolittle, Poulin Willey Anastopoulo, LLC, Charleston, SC; Michael A. Tompkins & Anthony M. Alesandro, Leeds Brown Law, P.C., Carle Place, NY; Philip L. Fraietta, Bursor & Fisher, P.A., New York, NY; *on the brief*.

---

[*] The Clerk of Court is respectfully directed to amend the caption accordingly.

FOR DEFENDANTS-APPELLEES: ROBERT J. BURNS, (Qian Shen *on the brief*) Holland & Knight LLP, New York, NY; *with* Paul G. Lannon, Holland & Knight LLP, Boston, MA; Fernando Santiago, Santiago Burger LLP, Rochester NY; *on the brief*.

Appeal from a judgment of the United States District Court for the Western District of New York (Siragusa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Nicholas Bergeron and Nick Quattrociocchi appeal from the district court's grant of summary judgment to Rochester Institute of Technology ("RIT") on Appellants' claims for breach of contract and unjust enrichment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

RIT moved classes online during the Covid-19 pandemic, which Appellants argue breached RIT's implied promise of in-person instruction. First, Appellants point to RIT's course catalogs, website, and course registration portal, which listed the physical classrooms where courses were to meet. Second, Appellants claim that language in their acceptance letters promised "access to . . . facilities" and "years on campus." Third, Appellants say RIT's past practice of in-person instruction suggested their classes would be in-person. Fourth, Appellants contend that they reasonably expected their full-price courses to be in-person because RIT has a separate, lower-priced "RIT Online" program.

The district court granted summary judgment to RIT on Appellants' breach of contract claim. First, the court concluded that Appellants' relationship with RIT was governed by a

2

Student Financial Rights Agreement, which did not provide for "refunds or tuition adjustments for changes in the modality of instruction." Second, the district court found that RIT had not made a specific promise of in-person instruction.

The district court also granted summary judgment to RIT on Appellants' unjust enrichment claim. The court explained that it was undisputed that there existed a contract between Appellants and RIT, so Appellants could not repackage their breach of contract claim using an unjust enrichment theory.

"We review without deference the district court's grant of summary judgment" to determine whether "there are no genuine disputes of material fact and the movant is entitled to judgment as a matter of law." *Michel v. Yale Univ.*, 110 F.4th 551, 555 (2d Cir. 2024). We may affirm the district court's decision on any basis supported by the record. *See id.* at 553 n.1.

## I.     Breach of Contract

The district court properly granted summary judgment to RIT on Appellants' breach of contract claim. Under New York law, "only specific promises set forth in a school's bulletins, circulars[,] and handbooks, which are material to the student's relationship with the school, can establish the existence of an implied contract." *Keefe v. New York L. Sch.*, 897 N.Y.S.2d 94, 95 (1st Dep't 2010). Here, Appellants do not show that RIT made such a promise of in-person instruction.

First, Appellants cannot rely on representations in RIT's course catalogs, website, and course registration portal, because those sources contained clear disclaimers. When a school clearly disclaims the representations it makes in a particular source, those representations are not binding. *See Prusack v. State*, 498 N.Y.S.2d 455, 456–57 (2d Dep't 1986) ("[S]ince specific

3

disclaimers were included in the bulletins provided to claimants to the effect that the tuition charges were subject to change, the State was not contractually obligated to adhere to the initial $6,000 charge.").

In *Rynasko v. New York University*, New York University ("NYU") could not rely on a single disclaimer in a single course bulletin to negate "all the other factors shaping the contours of their implied contract with their students." 63 F.4th 186, 200 (2d Cir. 2023). But unlike NYU, RIT does not claim that its disclaimers negate *all* the promises it made. Rather, RIT argues that its course catalog, website, and course registration portal disclaimers negate the promises made *within those particular sources*. On the facts of this case, we agree.

Second, the "general statements" in Appellants' acceptance letters "cannot form the basis of a viable contract claim." *Doe v. Syracuse Univ.*, 341 F. Supp. 3d 125, 141 (N.D.N.Y. 2018). Passing references to "campus facilities" and the "RIT campus" are not the sort of "specific promise" that gives rise to an implied contract between a university and its students. *Cheves v. Trs. of Columbia Univ.*, 931 N.Y.S.2d 877, 877 (1st Dep't 2011).

Third, RIT's "prior conduct" of in-person instruction "does not transform over time into contractual entitlement." *Hassan v. Fordham Univ.*, 515 F. Supp. 3d 77, 89 (S.D.N.Y. 2021). Even though past conduct can form *part* of "the basis of [an] implied contract" when that conduct supplements specific promises, *Rynasko*, 63 F.4th at 198, the general rule is that a "[u]niversity's academic and administrative prerogatives [cannot] be impliedly limited by custom." *Gertler v. Goodgold*, 487 N.Y.S.2d 565, 568 (1st Dep't 1985).

Finally, the mere existence of RIT Online does not demonstrate that RIT promised all non-RIT Online classes would be in-person. While "a pricing differential between an in-person and

4

online education may provide additional support for an inference that the college promised the plaintiff an in-person education," it does "not, standing alone, [prove] the existence of such an implied promise." *Croce v. St. Joseph's Coll. of New York*, 195 N.Y.S.3d 210, 213 (2d Dep't 2023) (cleaned up).

## II.      Unjust Enrichment

The district court also properly dismissed Appellants' unjust enrichment claim. Both parties agree that "an implied contract[] governs the relevant subject matter" of their dispute, even though they disagree about whether "a promise of in-person instruction is . . . one of [the] terms" of their agreement. *Goldberg v. Pace Univ.*, 88 F.4th 204, 214-15 (2d Cir. 2023) (cleaned up). Appellants' unjust enrichment claim is thus "precluded," *id.* at 214, because it "simply duplicates, or replaces, [their] conventional contract . . . claim." *Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777, 790 (2012).

\*       \*       \*

We have considered Appellants' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5